### S. H. LURTY, Administrator, *v.* J. A. MARYMAN.

Where the answers of a witness to cross-interrogatories are imperfect and evasive, the deposition cannot be rejected on that account. The objection goes to the credibility of the witness alone, if all the cross-interrogatories have been answered.

APPEAL from the District Court of West Feliciana, *Waterston*, J., presiding. *Brewer & Collins*, for plaintiffs. *Lacy & Hudson*, for defendant and appellant.

SPOFFORD, J. The case of *Baker* v. *Voorhies*, 6 N. S. 313, relied upon by the appellee, only justifies the rejection of a deposition when the cross-interrogatories have not been answered at all.

In the present case there were responses taken down by the commissioner to all the cross-questions propounded; the complaint is that these responses are imperfect and evasive. This goes materially to the credit of the witness, but does not authorize the entire rejection of the deposition as inadmissible in law,

any more than evasive answers by a witness, under cross-examination on the stand, would authorize the court to strike out the results of his examination in chief.

LURTY
v.
MARYMAN.

But on looking into the facts, and ascertaining from his deposition that the witness was the pretended vendor of the account made out by himself against the deceased person represented by the plaintiff in this suit, that the transfer was made in order to enable the defendant to off-set the plaintiff's claim with a large claim which is sought to be established by the evidence of the transferror alone, and on finding that the witness, testifying under a release, will not state that any specific price was paid him by the transferree for the large claim that he pretended to sell, and also evades other pertinent and searching questions regarding this singular contract, we do not think the evidence sufficient to authorize a different judgment from that which has been rendered.

The judgment is, therefore, affirmed, with costs.